IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL BACHICHA, an individual
and SUSAN STANOJEVIC, an
individual,**

      **Plaintiffs,**

**vs.**                **No. CIV-10-0710 BB/LAM**

**BOARD OF EDUCATION of the
Albuquerque Public Schools, PAULA MAES,
in her individual and official capacity as a
member of the Board, and WINSTON
BROOKS, in his individual and official
capacity as Superintendent of Albuquerque
Public Schools,**

      **Defendants.**

# ORDER GRANTING IN PART AND DENYING IN PART *JOINT MOTION FOR RULE 16 STATUS CONFERENCE (Doc. 44)*

**THIS MATTER** comes before the Court on the parties' *Joint Motion for Rule 16 Status Conference (Doc. 44)*, filed March 1, 2011. On March 9, 2011, the Court held a telephonic status conference regarding this motion at which counsel for all parties appeared. *See Clerk's Minutes (Doc. 48)*. Having considered the motion, the record of this case, and the parties' statements at the March 9, 2011, hearing, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

Discovery in this case has been limited to the issue of qualified immunity pending the Court's ruling on Defendant's motion for summary judgment based on qualified immunity. *See Clerk's Minutes (Doc. 20)* and *Scheduling Order (Doc. 21)*. In their motion, the parties ask the Court: (1) for assistance in resolving the parties' dispute regarding the scope of discovery related

to the issue of qualified immunity; (2) to set a Rule 16 status conference;[1] and (3) to hold in abeyance the deadlines the Court has set for discovery limited to the issue of qualified immunity and briefing on Defendants' qualified immunity motion for summary judgment. [*Doc. 44* at 4]. At the March 9, 2011, hearing the parties agreed that having Plaintiffs file a Fed. R. Civ. P. 56(d) affidavit would be the most effective way to resolve their dispute regarding whether Plaintiff's discovery requests are necessary to respond to the qualified immunity motion for summary judgment. [*Doc. 48* at 1]. Because the qualified immunity motion for summary judgment is a dispositive motion that will be decided by the presiding judge, any request to stay deadlines relating to the briefing of that motion would be more appropriately brought before the presiding judge as part of the Rule 56(d) procedure. For those reasons, the Court finds no reason to hold the current scheduling deadlines in abeyance at this time.

**IT IS THEREFORE ORDERED** that the parties' ***Joint Motion for Rule 16 Status Conference** (Doc. 44)* is **GRANTED** to the extent the parties requested the Court's assistance and for a Rule 16 status conference, because that status conference was held March 9, 2011, and the motion is **DENIED** as to all other requests.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that the parties ask for a Rule 16 status conference "before the Article III judge," however Rule 16 hearings are generally held before magistrate judges in this district.