IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BACHICHA, an individual
and SUSAN STANOJEVIC, and
individual,

    Plaintiffs,

v.                                                        Civ. No. 10-710 BB/LAM

BOARD OF EDUCATION of the Albuquerque
Public Schools, PAULA MAES, in her individual
and official capacity as a member of the Board;
and WINSTON BROOKS, in his individual and
official capacity as Superintendent of
Albuquerque Public Schools,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are (1) Plaintiff Michael Bachicha's Motion for Reconsideration [Doc. 69] and (2) Plaintiff Susan Stanojevic's Motion for Reconsideration [Doc. 68]. Both Plaintiff argue that the Court misapprehended the facts and the law in its Memorandum Opinion and Order of June 7, 2011 [Doc. 66]. In that opinion, the Court held, *inter alia*, that Defendants Paula Maes ("Maes") and Winston Brooks ("Brooks") were entitled to qualified immunity. The Court considers each Plaintiff's claims in turn.

<u>Plaintiff Michael Bachicha's Motion for Reconsideration</u>

Plaintiff Michael Bachicha ("Bachicha") argues the Court erred when it held that Brooks and Maes were entitled to qualified immunity on Bachicha's claim that he was deprived of a liberty interest in his good name. Bachicha points to the Court's finding that "there is nothing in the record to indicate that future employment in his current or other positions is foreclosed." Memorandum of Points and Authorities [Doc. 70] at p. 2.

Bachicha then notes that was not interviewed for two positions (one with Hope Christian and one with Bernalillo Public Schools). Bachicha also claims he was a finalist for a position as a principal within the Albuquerque Public Schools ("APS"), but was not selected and that Brooks had sole authority to make that appointment. He claims that Brooks and Maes "have effectively stalled [his] career within the Albuquerque Public Schools . . . ." *Id*. at 3. He believes if he could have limited discovery the facts would show that the "stigmatizing and defamatory" statements made about him have foreclosed employment opportunities.

Bachicha did not have a protected liberty interest in his job beyond the 2008-2009 school year. Unlike the plaintiff in *Salazar v. City of Albuquerque*, 2001 WL 1342989 (D.N.M. 2011), the case on which he relies, Bachicha was not a tenured public employee. Bachicha did not qualify for a "stigma-plus" claim because he took no action when the alleged defamatory articles about him appeared in the Albuquerque Journal. The Journal articles alleging misconduct certainly would not have helped his career but, as the Court noted in its Memorandum Opinion and Order, "[d]ue process concerns may be implicated only when the subject of the stigmatizing statement is denied a hearing to clear his or her name. *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004)." MOO at 9. Bachicha did not ask for a hearing to clear his name. Most important, a plaintiff who was not terminated and remains employed has not been deprived of a liberty interest. *See Diehl v. Albany County School Dist. No. 1*, 694 F. Supp. 1534, 1538 (citing *Danno v. Peterson*, 421 F. Supp. 950 (N.D. Ill. 1976) (no loss of liberty interest where plaintiff remains employed by defendant, even in a lesser capacity)).

As for loss of future job opportunities, the United States Supreme Court has held that an individual's liberty interest is not infringed when defamatory statements make an individual "somewhat less attractive to some other employers." *Board of Regents v. Roth*, 408 U.S. 564, 573 (1992). Claims of damage to future employment opportunities, without more, are too intangible to constitute a deprivation of a liberty interest. *Phelps v. The Wichita Eagle-Beacon*, 886 F.2d 1262, 1268-69 (10th Cir. 1989).

Bachicha takes issue with the Court's statement that he might have remedies under state tort law. The Court was merely pointing out that if defamatory statements were made, and such statements were not in the "course and scope" of Brooks' or Maes' employment (assuming those are the individuals Bachicha believes defamed him), state tort remedies would be applicable if Bachicha could meet the require elements. The Court was not expressing an opinion as to the likelihood of success of those claims, or expressing an opinion as to how broadly -- or narrowly -- "course and scope" of employment would be defined by the New Mexico state courts.

Bachicha next claims the Court erred when it held that he failed to state a valid First Amendment claim. Bachicha states that his "claim arises out of his right to associate with Stanojevic for the purpose of assisting her in the vindication of her civil rights."

First of all, Stanojevic filed an internal complaint against a "disgruntled employee," not Brooks or Maes. Those two individuals were named as witnesses, not participants in any civil rights claim. Second, Stanojevic took no action against Brooks for his allegedly defamatory statement. So the Court is left with the following facts: Stanojevic believed a "disgruntled employee" was out to get her; she filed a complaint; and the internal investigation was unable to validate her claim. Bachicha's assistance in helping one

3

employee file a complaint against another employee does not implicate the First Amendment's right to association. In the event Bachicha is referring to his own or to Stanojevic's EEOC complaint, those complaints were filed *after* each Plaintiff had been demoted or transferred. The Court fails to see how the filing of those complaints implicate Bachicha's First Amendment rights. Bachicha has failed to show the Court any facts indicating his actions, or actions taken by others, were any more than personnel matters, as opposed to matters of public concern. In sum, all that Bachicha has alleged is that he "presumes" he has not been promoted or interviewed due to some backroom dealings by either Brooks, or Maes, or both. There is simply nothing in the record to support his claims.

<u>Plaintiff Susan Stanojevic's Motion for Reconsideration</u>

Stanojevic argues the Court erred when it analyzed her Equal Protection claim as a "class of one" claim, which has been rejected by the United States Supreme Court in the public employee context. *See Pignanelli v. Pueblo School Dist. No. 60*, 540 F.3d 1213, 1220 (10th Cir. 2008) (citing *Engquist v. Oregon Dept. of Agriculture*, -- U.S. --, 128 S.Ct. 2146, 2152 (2008)). Stanojevic argues her claim is one of gender discrimination, based on Brooks' comments about her "sleeping her way to the top with Brad Allison." Although general statements about women "sleeping their way to the top" may be some evidence of gender discrimination, this was a specific statement about a specific female and shows disdain for *her*, not women in general. Nothing put forth by Stanojevic in her motion removes this claim from the prohibited "class of one" claim.

Next, Stanojevic argues that her employment opportunities have been foreclosed due to Brooks' statement and she argues the Court was incorrect when it found that she had failed to state a liberty interest claim. To reiterate: Stanojevic has no expectation of

4

continued employment beyond the 2008-2009 school year. She was re-assigned to another school in another position after her school term had ended. She took no action when informed of Brooks' statement, *i.e.*, she did not ask for a hearing to clear her name. She turned down one opportunity for advancement and now alleges that other opportunities have been denied to her. The causal connection between Brooks' unchallenged statement and the denial of opportunities is too tenuous to draw the conclusion Stanojevic seeks. Accordingly, the Court finds that the additional discovery requested by Stanojevic would not be helpful.

IT IS THEREFORE ORDERED that Plaintiff Michael Bachicha's Motion for Reconsideration [Doc. 69] is denied; and

IT IS FURTHER ORDERED that Plaintiff Stanojevic's Motion to Reconsider [Doc. 68] is denied.

IT IS SO ORDERED.

Bruce D. Black
Chief United States District Judge