IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BACHICHA, an individual
and SUSAN STANOJEVIC, and
individual,

    Plaintiffs,

v.                                                     Civ. No. 10-710 BB/LAM

BOARD OF EDUCATION of the Albuquerque
Public Schools, PAULA MAES, in her individual
and official capacity as a member of the Board;
and WINSTON BROOKS, in his individual and
official capacity as Superintendent of
Albuquerque Public Schools,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 63]. Plaintiffs want to add two legal claims to their complaint: Count XI, in which Plaintiff Michael Bachicha (Bachicha) asserts claims under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights; and Count XII, in which both Plaintiffs claim a violation of the New Mexico Whistleblower Protection Act. For the reasons set forth below, the Motion will be denied.

**Procedural Posture**

The Court has previously dismissed certain claims in this action. *See* MOO [Doc. 66] (dismissing, *inter alia*, Bachicha's First Amendment claim of retaliation for assisting Plaintiff Susan Stanojevic ("Stanojevic") in filing an internal Albuquerque Public Schools (APS) claim of discrimination against another employee). The Court at that time indicated

that it did not see how Bachicha could state claims for violations of his First Amendment rights of association and to petition. Bachicha filed a Motion for Reconsideration [Doc. 69], which was denied [Doc. 93]. No new facts have been asserted as to either of Plaintiff's new claims. The Court will briefly summarize the facts of this case, although a full recital may be found in Doc. 66.

Both Plaintiffs were employed by APS during the 2008-2009 school year. At some point in 2009, a so-called "disgruntled employee" threatened Stanojevic that he would "get her." Some time later, Defendant Winston Brooks made the comment to Bachicha and another APS employee that Stanojevic had "screwed" her way to the top by sleeping with a former APS Superintendent.

Bachicha relayed this comment to Stanojevic, who believed that the disgruntled employee had been the source of this comment. She filed an internal complaint against this employee, naming Brooks and Defendant Paula Maes as witnesses. She states that Bachicha assisted her in the filing of the internal complaint. The complaint was ultimately denied because the allegations could not be substantiated.[1]

At the end of the 2008-2009 school year, Stanojevic was transferred to another school in a different position with no loss of pay. Around the same time, an APS internal audit found several transgressions on the part of Bachicha and he was placed on administrative leave. Several articles appeared in the Albuquerque Journal outlining the

---

[1] The Court has never been supplied a copy of the complaint or the findings. Based on the allegations in the record, the Court assumes that Stanojevic charged this unknown employee with sexual discrimination or harassment.

charges against him. He was ultimately demoted to a principalship at a middle school, with a loss of salary. Both Plaintiffs remain employed with APS.

Both Plaintiffs allege that Bachicha's reporting Brooks' comments to Stanojevic, the filing of her internal complaint, and Bachicha's assistance with the filing of that complaint all led to the transfers and demotions complained of in violation of their constitutional and various statutory rights.

## Discussion

Rule 15 of the Federal Rules of Civil Procedure allows amendment of the pleadings and instructs that the "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Granting leave to amend is within the Court's discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Defendants argue the Motion should be denied for Plaintiffs' undue delay. This case was filed on July 28, 2010 [Doc. 1]. On April 15, 2011, when Bachicha filed his Response to Defendants' Motion to Summary Judgment [Doc. 59], he stated that he wanted to amend his complaint to assert two new theories of recovery based on the existing facts, *i.e.*, that he was retaliated against for exercising his rights under the petition and association clauses of the First Amendment. The Court does not find undue delay arising from the nine months between the filing of the complaint and the request for amendment. The Court does, however, appreciate Defendants' arguments that Plaintiffs are setting up a "moving target," *i.e.*, "'the presentation of theories seriatim.'" *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v. Continental Gin Co.*, 318 F.2d 459, 469 (5th Cir. 1967).

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial.

*Minter*, 451 F.3d at 1206 (citations, internal quotation marks, and brackets omitted).

Although Plaintiffs' new theories could be considered "moving targets," the Court will deny the Motion to Amend the Complaint on the ground of futility. "[T]he district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999).

**Plaintiff Bachicha's claims: Count XI**

Paragraph 37 of Plaintiffs' First Amended Complaint states:

> That on May 19, 2009, Ms. Staonjevic filed a complaint with the APS Office of Equal Opportunity ["OEO"] against "disgruntled employee #1." Ms. Stanojevic stated in the complaint that she was being subjected to sexual harassment and retaliation by "disgruntled employee #1," who was attempting to justify his own insubordination and undermine her authority by telling Defendants Maes and Brooks[] that Mr. Bachicha had turned over the school to her and that the only reason she was in administration was because she had "screwed" a former APS Superintendent and "slept her way to the top."

Bachicha alleges that his subsequent transfer and demotion violated his First Amendment rights to petition and to associate. He states in paragraph 131:

> That at the time of the acts and failures to act of the Defendants Brooks and Maes complained of above, Plaintiff Michael Bachicha had a clearly established constitutional right under the First and Fourteenth Amendments to the United States Constitution, to associate with Plaintiff Stanojevic for the purpose of assisting her in the vindication of her civil rights by

4

>assisting her in the filing of the APS OEO and EEC complaints and this lawsuit.

Plaintiff Stanojevic's Supplemental Affidavit is submitted with Defendants' Reply Brief [Doc. 84], Stampkevoc states that Bachicha encouraged her to file a complaint with APS OEO; that both she and Bachicha decided to file their EEC claims at the same time and that he accompanied her to her EEC intake interview; and that they later retained joint counsel. Supplemental Affidavit of Susan Stanojevic [Doc. 84-1], ¶¶ 5-8.

The United States Supreme Court has identified two kinds of freedom of association: intimate (or intrinsic) and expressive (or instrumental). *Roberts v. United States Jaycees*, 468 U.S. 609, 617 (1984). The former applies to familial or other intimate relationships is not at issue in this case. The latter includes the "right to associate for the purpose of engaging in those activities protected by the First Amendment -- speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.* at 617-18. When the freedom of association claim is brought by a public employee, the law requires that the association be for a matter of public, not private, concern. *Merrifield v. Board of Cty. Comm'rs*, -- F.3d -- , 2011 WL 30000687, *7 (10th Cir. 2011). The Supreme Court has cautioned that "while the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Borough of Duryea v. Guarnieri*, --U.S.--, 2011 WL 2437008 (2011) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 410 (2006)).

Public concern means "something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication. The public-concern requirement serves to limit the protection of speech by an

employee to speech that the employee makes in his capacity as a citizen, rather than simply as an employee." *Merrifield*, -- F.3d --, 2011 WL 3000687, *6 (internal quotation marks and citations omitted). Associational conduct relating to internal personnel disputes generally does not involve matters of public concern. *Connick v. Myers*, 461 U.S. 138, 147 (1983).

Bachicha cites to *Copp v. Unified School District #501*, 882 F.2d 1547 (10th Cir. 1989) for the proposition that assisting others in taking legal action and associating for the purpose of assisting others in seeking legal redress are forms of association protected by the First Amendment. He claims that he offered assistance to Stanojevic for the vindication of her civil rights. In *Copp*, the plaintiff spoke in a public assembly before a governmental body in support of a principal who was about to be disciplined or transferred. The meeting was attended by the media and the janitor spoke on his own time as a citizen. *Copp*, 882 F.2d at 1553. The janitor was subsequently transferred to another school. The court held that under these facts, the issue of whether the custodian would have been transferred absent his speech was a fact question for the jury. *Id.* at 1555.

The present case is more similar to *Catalano v. Lehman*, 2007 WL 5520661 (W.D.N.Y. 2007 (unpublished decision), in which the plaintiff brought a right of association claim, alleging he was retaliated against for his friendship with and support of two co-workers who were suspected of engaging in criminal activity. The court held that social associations were not constitutionally protected. *Id.* at *4-5. Similarly, in *Klug v. Chicago School Reform Bd. of Trustees*, 197 F.3d 853 (7th Cir. 1999), the court held that plaintiff's association with individuals out of favor with those in charge of the school was not

6

constitutionally protected activity because the incidents complained of were not matters of public concern; rather, it was a matter of office politics. *Id*. at 858-59.

The difference between *Copp*, on the one and, and *Catalono* and *Klug*, on the other hand is the amount and type of involvement. As noted by the *Catalano* court, the outcome would have been different if the plaintiff were named as a witness in his friends' criminal proceeding and his employer took retaliatory action. *Catalano*, 2007 WL 5520661, *4 & n.5 (citing *Knits v. Valley Stream Central High School District*, 394 F.3d 121, 125 (2d Cir. 2005) "(if plaintiff's identification as a witness in a discrimination suit was a motivation for the retaliation she suffered, "then her First Amendment claim would certainly lie.")."

An examination of the record indicates that this case does not involve matters of public concern. Bachicha relayed a defamatory statement to Stanojevic and encouraged her to file an internal complaint against a fellow employee. There is simply nothing similar to the public hearing in *Copp*, or even claims of pervasive sexual harassment of Stanojevic or other female employees. The facts of this case do not indicate a vindication of civil rights. The record reflects nothing more than an internal grievance involving a dispute between two public employees. That is not a matter of public concern and Bachicha's involvement is too attenuated to draw an inference of retaliation.

Bachicha also claims, in Count IX, that his First Amendment right to petition the courts was violated in three instances: first, when he informed Associate Soto that Bachicha would tell Stanojevic about Brooks' comment; second, when Bachicha filed his EEOC complaint; and third, when he filed the instant lawsuit. He alleges that once Stanojevic filed her complaint against the disgruntled employee, Defendants started a

7

campaign to discredit him publicly, demote him with loss of benefits, and prevent him from securing other employment or advancing within APS.

In *Guarnieri*, the Court held that claims under the petition clause must involve matters of public concern. -- U.S.--, 2001 WL 2437008, *3 (2011). Even if the Court were to accept Bachicha's contentions that the instances above constitute petitions for redress, in none of the instances given has he shown matters of public concern. He advised an administrator that he was telling Stanojevic what Brooks said about her; he encouraged Stanojevic to file an internal complaint; he encouraged her to file an EEC complaint and he filed his own EEC complaint; and the two plaintiffs filed a lawsuit in this Court. As the Court previously indicated, the dispute between Stanojevic and a fellow employee, and the subsequent filing of an internal complaint, involve nothing more than a personnel dispute; in which Bachicha's involvement was minimal. The Court has not been advised as to Bachicha's involvement in either the OEO or the EEC complaints, other than that he provided "encouragement and assistance." Bachicha was Stanojevic's supervisor and there is nothing in the record to indicate he stepped out of his role as a public employee, not a private citizen.

The EEC charges and the federal lawsuit all occurred after Bachicha's being placed on leave, transferred, and demoted. The record indicates an internal audit revealed problems with his duties as principal and the results of that audit were published. He cites the results of the audit and the subsequent publishing of the findings as evidence that he was being retaliated against for assisting Stanojevic, but the record does not indicate that he ever asked for a name-clearing hearing or took any internal steps to resolve what he claims were insignificant, untrue, or petty allegations. In short, there is simply nothing in

the record to indicate that Bachicha's claims are anything more than a personnel matter. Accordingly, the Motion as to Count IX should be denied as futile.

### Plaintiffs' claims under the New Mexico Whistleblower Protection Act

In their First Amended Complaint, Plaintiffs seek to add Count XII, alleging a claim under the New Mexico Whistleblower Protection Act, NASA (1978) §§ 10-16C-1 *et seq.* (the "Act"). The Act prohibits a public employer's retaliatory action against its employees for certain conduct when the employee communicates to the public about an unlawful or improper act; provides information to a public body about an unlawful or improper act; or objects to or refuses to participate in an unlawful or improper act. § 10-16C-3 (A)-(C). The Act provides:

> E. "unlawful or improper act" means a practice, procedure, action or failure to act on the part of a public employer that:
>
> (1) violates a federal law, a federal regulation, a state law, a state administrative rule or a law of any political subdivision of the state;
>
> (2) constitutes malfeasance to public office; or
>
> (3) constitutes gross mismanagement, a waste of funds, an abuse of authority or a substantial and specific danger to the public.

§ 10-16C-2(E)(1)-(3).

The Court has not located, and the parties have not submitted, any New Mexico case law construing the Act. Plaintiffs contend that the Board's demotion and transfer of Bachicha and the transfer of Stanojevic were retaliatory acts prohibited by the Act.

Neither Bachicha or Stanojevic communicated information to the public or a public body. Therefore, their claims must rest on the provision they objected to, or refused to

9

participate in an unlawful or improper act. § 10-16C-3(C). The Court does not find that any actions taken by any of the Defendants constitutes an "unlawful or improper act" as defined by the Act. To reiterate: Bachicha's assisting Stanojevic in filing an internal complaint against a fellow employee is a personnel matter and does not signify any activity prohibited by the Act. Neither Plaintiff objected to or refused to participate in an unlawful or improper act. To reiterate: Bachicha's assisting Stanojevic in filing an internal complaint against a fellow employee is a personnel matter and does not signify any activity prohibited by the Act. The Court finds that Plaintiffs' Motion as to Count XII should be denied as futile.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 63] is denied.

IT IS SO ORDERED.

*Bruce D Black*

Bruce Black
Chief United States District Judge