IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL BACHICHA, an individual
and SUSAN STANOJEVIC, and
individual,

    Plaintiffs,

v.                                                                                                    Civ. No. 10-710 BB/LAM

BOARD OF EDUCATION of the Albuquerque
Public Schools, PAULA MAES, in her individual
and official capacity as a member of the Board;
and WINSTON BROOKS, in his individual and
official capacity as Superintendent of
Albuquerque Public Schools,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive and Emotional Distress Damages [Doc. 71]. Due to the parties' formatting errors and their inability to communicate clearly with each other, the Court has been required to mine the record to determine what claims remain at issue in Plaintiffs' Complaint for Damages [Doc. 3]. The record is further muddied because the briefing was done in the middle of the Court's rulings on certain issues and the Plaintiffs' voluntary dismissal of some claims. This opinion will endeavor to create order out of chaos.

Count I is for a Title VII violation, brought by Stanojevic against all Defendants. Count II is brought by both Plaintiffs against all Defendants and is for retaliation in violation of Title VII. The Title VII claims against Brooks and Maes in both their individual and official capacities have been dismissed. *See* Doc. 37 & 38. The Title VII claims against the Board

have not been dismissed. Plaintiffs concede they can recover neither emotional or punitive damages under Title VII. *See* Response at 5 [Doc. 83]. Accordingly, the Court will dismiss the claims for emotional and punitive damages under Counts I and II. To summarize: Counts I and II are still live claims against the Defendant Board.

Count III is for Title IX retaliation. That claim has been dismissed. *See* MOO [Doc. 73].

Counts IV, V, VI, and VIII[1] are all brought under 42 U.S.C. § 1983 and allege various constitutional violations. (There is no Count VII.) All four of the § 1983 counts against Maes and Brooks, in their individual capacities, were dismissed based on qualified immunity. *See* MOO [Doc. 66] ("Only the § 1983 individual liability claims against Brooks and Maes are at issue in this opinion."). Because those claims have been dismissed, there can be no claim for emotional and punitive damages.

Count IX is a § 1983 claim against the Board. That claim remains.

Count X is a claim under the New Mexico Human rights Act against the Board. That claim remains. Plaintiffs concede they cannot recover either emotional or punitive damages against the Board under this Act.

To summarize: The only remaining claims in the lawsuit are: Counts I, II, IX, and X. Each of those claims are solely against the Board. There can be no emotional or punitive damages claims asserted under Title VII or the New Mexico Human Rights Act. There can be no punitive damages claims assessed against the Board under § 1983. Therefore, the

---

[1] In Plaintiffs' Response to Defendants Motion to Dismiss, they indicated they had failed to identify Count VIII as against Brooks and Maes only, not the Board. *See* Response [Doc. 83] at 3.

only issue is whether Plaintiffs can recover emotional damages under Count IX for the Board's alleged constitutional deprivations under § 1983.

In the previous opinion granting summary judgment in favor of Defendants Maes and Brooks and against the Plaintiffs, the Court found that no constitutional violations had occurred and therefore those Defendants were entitled to qualified immunity. *See* MOO [Doc. 66]. The same constitutional claims are asserted against the Board, *i.e.*, violations of procedural and substantive due process, equal protection, and the First Amendment.

Defendants argue that to recover emotional damages under § 1983, Plaintiffs must prove that such damages arose from a constitutional violation rather than from the employment action itself, citing *Carey v. Piphus*, 435 U.S. 247, 264 (1978). Plaintiffs argue that the same facts alleged against the individual Defendants are alleged against the Board, with the addition that such violations "were the result of the Defendant Board's policy, practice or custom." Response [Doc. 83] at 4.

To hold a governmental entity liable under § 1983, a plaintiff must show that the entity's action was pursuant to a policy, practice, or custom. *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1153-54 (10th Cir. 2001). That policy, practice, or custom must be the "moving force behind the injury alleged." *Id.* at 1154. However, a governmental entity may not be held liable for constitutional violations when the individual defendants' actions did not violate a plaintiff's constitutional rights. *Id.* (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

The Court has already determined there were no constitutional violations in this case. *See* MOO [Doc. 66]. Because there were no constitutional violations, the issue of the Board's policies, practices, or customs is moot. *Trigalet*, *supra*. Accordingly, the Court

finds that there can be no claims for emotional damages asserted against the Board in Count IX.  The Court notes that the subject of Defendants' Motion is solely whether certain types of damages may be claimed against certain defendants.  This is not a Motion to dismiss any parties or substantive claims.

IT IS THEREFORE ORDERED that Defendants Motion to Dismiss Plaintiffs' Claims for Punitive and Emotional Damages [Doc. 71] is granted in part as stated herein and denied in part as moot as stated herein.

IT IS SO ORDERED.

_____
Bruce D. Black
Chief United States District Judge